**BURSOR & FISHER, P.A.**
L. Timothy Fisher*
Brittany S. Scott*
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
E-Mail: ltfisher@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Pro Hac Vice Forthcoming*

**THOMPSON LAW GROUP, PLLC**
Jason S. Thompson, ISB # 8985
350 N. Ninth Street, Suite 500
Boise, ID 83702
Telephone: (208) 342-7880
Facsimile: (208) 947-2424
jason@gtidaholaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BENJAMIN BIRDSALL, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>BRIGHAM YOUNG UNIVERSITY–IDAHO, INC.,<br><br>                              Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT - 1

Plaintiff Benjamin Birdsall ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Brigham Young University-Idaho, Inc. ("BYU" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the 2020 Winter and Spring Terms at BYU, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2. BYU is part of a private research university with a total enrollment of approximately 19,211 students. The university offers 96 undergraduate degrees. BYU also operates an online program at a substantially discounted price, which offers various undergraduate courses.

3. BYU operates on academic trimesters. The Winter 2020 Term began on January 8, 2020 and ran through April 9, 2020. The Spring 2020 Term began April 20 and runs through July 22, 2020.

4. On March 13, 2020, BYU, through a campus announcement, announced that because of the global COVID-19 pandemic, its campus would be closed and courses would transition to online and remote learning. On March 18, 2020, BYU announced that Spring Term courses would also only be available online or remotely

5. BYU has not held any in-person classes since March 24, 2020, at the latest. Classes that have continued have been in an online format, with no in-person instruction.

CLASS ACTION COMPLAINT - 2

6.     As a result of the closure of BYU's facilities, BYU has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning options being offered to BYU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

7.     Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that BYU has not provided.  Even if BYU claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8.     Through this lawsuit Plaintiff seeks, for himself and Class members, BYU's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the 2020 Winter and the Spring 2020 Terms, when classes moved online and campus services ceased being provided.  Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

**PARTIES**

9.     Plaintiff Benjamin Birdsall is a citizen of Idaho who resides in Rexburg, Idaho. Mr. Birdsall is an undergraduate student at BYU – Idaho pursuing a degree in Software Engineering.  The Software Engineering program at BYU relies extensively on in-person instruction, meaningful student presentations, peer collaboration, and access to other university facilities.  None of these resources are available to Mr. Birdsall while in-person classes are suspended.  Mr. Birdsall paid Defendant approximately $2,150 in tuition and fees per term for the Winter 2020 and Spring 2020 Terms.  BYU has not provided Mr. Birdsall any refund of

CLASS ACTION COMPLAINT - 3

tuition or other mandatory fees, despite the fact that in-person classes have not been held since March 12, 2020.

10. Defendant Brigham Young University – Idaho, Inc. is a private university located in Rexburg, Idaho.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For The Winter 2020 And Spring 2020 Terms*

14. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Winter 2020 and Spring 2020 Terms.

15. Winter 2020 classes at BYU began on or about January 8, 2020 and ended April 9, 2020. Spring 2020 classes began on or about April 20, 2020 and run through July 22, 2020.

16. Plaintiff and Class members paid the cost of tuition for the Winter 2020 and Spring 2020 Terms, as well as associated fees and costs.

17. Examples of approximate tuition costs at BYU for the Winter 2020 and Spring

2020 Terms are as follows:

- LDS Tuition:  $2,104 per term
- Non-LDS Tuition: $4,208 per term

18. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, BYU Closed Its Campus And Cancelled All In-Person Classes*

19. On March 13, 2020, BYU, through a campus announcement, announced that because of the global COVID-19 pandemic, its campus would be closed and courses would transition to online and remote learning. On March 18, 2020, BYU announced that Spring Term courses would also only be available online or remotely

20. BYU has not held any in-person classes since March 12, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

21. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

22. Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

23. Defendant markets BYU's on-campus experience as a benefit of enrollment on its website:

CLASS ACTION COMPLAINT - 5



Students take charge of their education by applying the Learning Model.

It's one of the classic images of higher education: a lecture hall full of students listening passively while a professor discourses on the subject at hand. This kind of disconnected, one-way interaction is not what you'll find in a BYU-Idaho classroom. At this university, learning is defined by active engagement. Students are urged to take charge of their education and be fully involved in their own learning.

This approach, called the Learning Model, is based on three key steps: Prepare, Teach One Another, and Ponder and Prove. Students come to each class prepared to learn by studying assigned readings, completing required homework, and participating in online discussions and pre-class study groups. Through instructor-led discussions in class, students teach each other what they've learned—honing and refining their own understanding in the process. Later, students internalize their learning through review, reflection, and application.

The Learning Model's proactive, engaged approach to education is a defining aspect of the BYU-Idaho experience that provides a pattern for continual learning and personal development long after graduation.

24. The online learning options being offered to BYU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

25. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged to class members for the Winter 2020 and Spring 2020 Terms. The tuition and fees for in-person instruction at BYU are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

CLASS ACTION COMPLAINT - 6

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

26. The fact that BYU students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the vast price difference in BYU's in-person, on-campus programs versus BYU's own online program. BYU's in-person tuition per term is approximately $2,104 or $4,208, or $175 to $350 per credit. However, tuition for BYU's online courses is offered at a discounted rate of $75 to 128.00 per credit  Thus, the cost of one term of an in-person education at BYU is **more than twice** the cost of a semester of online education at the same university.

27. Through this lawsuit Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Winter 2020 and Spring 2020 Terms when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of himself and the Class, as defined below.

## CLASS ALLEGATIONS

28. Plaintiff seeks to represent a class defined as all people who paid BYU Winter and Spring 2020 tuition and/or fees for in-person educational services that BYU failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded

from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

29. Plaintiff also seeks to represent a subclass consisting of Class members who reside in Idaho (the "Subclass").

30. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

31. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through records in Defendant's possession.

32. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

    (b) whether Defendant has provided the services for which Class and Subclass members contracted;

CLASS ACTION COMPLAINT - 8

      (c)      whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

      (d)      whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

      (d)      whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

33.    **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class and Subclass in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

34.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

35.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the

benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

36. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Subclass members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class and Subclass as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-36 of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

39. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

40. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Winter and Spring 2020 tuition. Tuition for Winter and Spring 2020 was intended to cover in-person

educational services from January through July 2020.  In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Term.

41.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff and the Class and Subclass for their Winter and Spring 2020 tuition and fees, without providing them the benefit of their bargain.

42.     Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

43.     As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Winter or Spring 2020 tuition and fees for education services not provided since BYU shut down on March 12, 2020.

44.     Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

## COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass)**

45.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs

1-44 of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

47. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Winter and Spring 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Winter and Spring 2020 was intended to cover in-person educational services from January through July 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Term.

48. Defendant voluntarily accepted and retained this benefit by accepting payment.

49. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Winter and Spring 2020 tuition and fees for education services not provided since BYU shut down on March 13, 2020.

50. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

### COUNT III
### Conversion
### (On Behalf Of The Class And Subclass)

51. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-50 of this complaint.

52. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

53. Plaintiff and members of the Class and Subclass have an ownership right to the

in-person educational services they were supposed to be provided in exchange for their Winter and Spring 2020 tuition and fee payments to Defendant.

54. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

55. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Winter and Spring 2020 tuition and fees for education services not provided since BYU shut down on March 13, 2020.

56. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class, and Subclass members of the benefits for which the tuition and fees paid.

57. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class and Subclass members in that they paid tuition and fees for services that will not be provided.

58. Plaintiff, Class, and Subclass members are entitled to the return of pro-rated portion of any Winter and Spring 2020 tuition and fees for education services not provided since BYU shut down on March 13, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    A. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Subclass and Plaintiff's attorneys as Class Counsel;

    B. For an order declaring the Defendants' conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  June 8, 2020                                             Respectfully submitted,


By: */s/ Jason S. Thompson*


**THOMPSON LAW GROUP, PLLC**
Jason S. Thompson, ISB #8985
350 N. Ninth Street, Suite 500
Boise, ID 83702
Tel: (208) 342-7880
Fax: (208) 947-2424
jason@gtidaholaw.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher*
Brittany S. Scott*
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel:  (925) 300-4455
Fax: (925) 407-2700
E-Mail: ltfisher@bursor.com
             bscott@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*